AMERICAN CAN COMPANY, Appellant, *v.* LOUIS SCHLECHTER, Respondent.

Supreme Court, Appellate Term, First Department, December 10, 1925.

Guaranty — action on guaranty of obligation to purchase goods — plaintiff was permitted to read part of affidavit by defendant which was used on prior motion — defendant was properly allowed to read further extracts qualifying admissions made by defendant — defendant was improperly allowed to read other extracts which constitute self-serving declarations.

In an action to recover on a guaranty of the obligation of a third person to purchase certain goods in which the plaintiff was permitted to read certain portions of an affidavit submitted by defendant's counsel on a previous motion, which constituted admissions by the defendant, the court properly allowed the defendant to read other extracts which qualified or explained the alleged admissions, but the court improperly allowed the defendant to read other extracts which constituted nothing more than self-serving declarations, and were unconnected with the matter put in evidence by the plaintiff.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of defendant, entered upon the verdict of a jury.

*Kamen & Ostertag* [*Sol S. Ostertag* of counsel], for the appellant.

*L. E. Schlechter*, for the respondent.

PER CURIAM.  This action was brought to recover from defendant as guarantor of the obligation of the Standard Clock Company to purchase 25,000 friction plugs from the plaintiff.

Plaintiff was allowed to read from an affidavit submitted by defendant's counsel on a previous motion in this action admissions as to the guaranty as to the delivery of the 25,000 plugs to the Standard Clock Company and that the latter used a number of them.  Thereupon defendant was permitted to read the balance of the affidavit.  This ruling was correct in so far as the statements in the affidavit qualified or explained the alleged admission of delivery to the effect that the Standard Clock Company discovered after the use of the few plugs mentioned that they were defective and notified plaintiff to that effect and tendered a return of the entire shipment.  Further statements in the affidavit to the effect that there were conferences thereafter and that the plaintiff offered to allow a discount of fifty per cent on the purchase price if the Standard Clock Company would accept the merchandise; that plaintiff's breach of contract was the inducing cause of the bankruptcy of the Standard Clock Company; and that the affiant was informed by the receiver of the Standard Clock Company that the plugs were not sold by him as an asset of that company for the reason that plaintiff had notified him that it claimed title to the same, were incompetent as self-serving declarations, as in large part hearsay and otherwise inadmissible because unconnected with the matter put in evidence by plaintiff.

As the testimony thus erroneously admitted was undoubtedly prejudicial to the plaintiff in the eyes of the jury, the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.